UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Doranne M., | **COMPLAINT** |
| Plaintiff, | DOCKET NO.: _____ |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | |
| Defendant. | |

Plaintiff, University Spine Center, on assignment of Doranne M. ("Plaintiff"), by way of Complaint against Defendant Horizon Blue Cross Blue Shield of New Jersey ("Defendant"), asserts:

## THE PARTIES

1. At all relevant times, Plaintiff was a healthcare provider in the County of Passaic, State of New Jersey.

2. Upon information and belief, Defendant is primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

## ANATOMY OF THE CLAIM

3. This dispute arises from Defendant's refusal to properly reimburse Plaintiff for the medically necessary and reasonable services provided to Defendant's participant or insured, Doranne M. ("Patient").

4. On numerous dates of service between April 22, 2014 through April 14, 2016, Plaintiff provided medically necessary and reasonable services to Patient. *See* Exhibit A attached hereto.

5. Specifically, Patient underwent a course of pain management treatment which concluded with spinal surgery on April 14, 2016. *Id.*

6. Plaintiff obtained an assignment of benefits from Patient in order to bring this claim under the Employee Retirement Income Security Act of 1974, 29 USC §1002, *et seq.* ("ERISA"). *See* Exhibit B attached hereto

7. Pursuant to the assignment of benefits, Plaintiff prepared Health Insurance Claim Forms ("HICF") formally demanding reimbursement in the total amount of $146,650 from Defendant for the medically necessary services rendered to Patient. *See* Exhibit C attached hereto.

8. Defendant, however, only allowed $34,849.08 towards payment for the above referenced services, which includes Patient's cost-sharing liability. *See* Exhibit D attached hereto.

9. Plaintiff engaged in the applicable administrative appeals process maintained by Defendant. *See* Exhibit E attached hereto.

10. Further, Plaintiff requested, among other items, a copy of the Summary Plan Description. *Id.*

11. However, Defendant has not remitted any additional payment nor has it furnished a copy of Patient's summary plan description.

12. Upon information and belief, Defendant is the Claims Administrator for the applicable Plan for Patient.

13. Taking into account any known deductions, copayments and coinsurance, Defendant's reimbursement amounts to an underpayment of $107,300.92.

14. Accordingly, Plaintiff brings this action for recovery of the outstanding balance and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

15. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-14 of this Complaint and incorporates same by reference hereto.

16. Plaintiff avers this Count to the extent ERISA governs this dispute.

17. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

18. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient

19. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

20. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA Plan and Policy.

21. Upon information and belief, Defendant has failed to make payment pursuant to the controlling Plan or Policy.

22. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order directing Defendant to pay to Plaintiff $107,300.92;

b. For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 .S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)

23. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-22 of this Complaint and incorporates same by reference hereto.

24. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

25. Plaintiff seeks redress for Defendant's breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

26. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

27. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses

of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

28. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

29. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

30. Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

31. Here, Defendant breached its fiduciary duties by:

1. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

2. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

3. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

4. Wrongfully withholding money belonging to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order directing Defendant to pay to Plaintiff $107,300.92;

b. For an Order directing Defendant to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendant;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

### TRIAL COUNSEL DESIGNATION

Michael Gottlieb, Esq., is hereby designated as Trial Counsel in the above matter.

Dated: Paramus, New Jersey
August 17, 2017

Respectfully submitted,

CALLAGY LAW, P.C.

By: _____
Michael Gottlieb, Esq.
Mack Cali Centre II
650 From Road – Suite 558
Paramus, New Jersey 07652

Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: mgottlieb@callagylaw.com